IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEIJER INC., and MEIJER DISTRIBUTION, INC.,**<br>     Plaintiffs,<br><br>    v.<br><br>**RANBAXY INC., RANBAXY LABORATORIES, LTD, RANBAXY U.S.A., INC., and SUN PHARMACEUTICAL INDUSTRIES LTD.,**<br>     Defendants. | **MISCELLANEOUS ACTION**<br><br><br><br>**NO. 17-91** |

**MEMORANDUM OPINION**

  This is a miscellaneous action brought by Meijer, Inc. and Meijer Distribution, Inc. ("Meijer") to transfer a motion to compel a response to subpoenas duces tecum served on generic drug manufacturers Endo Health Solutions, Inc. and Endo Pharmaceuticals ("Endo") – companies based in Malvern, Pennsylvania – in the matter of *Meijer, Inc. v. Ranbaxy, Inc.*, No. 15-cv-11828 (D. Mass.), an antitrust and RICO litigation pending in United States District Court for the District of Massachusetts. The issuing court is the court where the underlying action is pending – in this case, the District of Massachusetts. Fed. R. Civ. P. 45(a)(2). The Endo parties are based in Malvern, Pennsylvania and, thus, the court where compliance is required is the Eastern District of Pennsylvania. *See* Fed. R. Civ. P. 45(c).

  By way of background, subpoenas were served by Meijer on Endo, as well as sixteen other generic manufacturers and two brand-name drug manufacturers. The subpoenas seek a wide range of documents which, the Meijer Plaintiffs contend, are relevant to their case in that they bear on the issues of causation, antitrust impact, damages, and the identity of class members. Plaintiffs represent that they have been engaged in a meet and confer process with each of the entities they subpoenaed to negotiate the production of documents. They contend

that Endo has taken the position that, for the most part, the documents are not relevant to Meijer's claims and have refused to produce the documents. Meijer asks, if this Court does not transfer their motion to the District of Massachusetts, that it compel Endo to respond to the subpoenas.

Under Rule 45(f) of the Federal Rules of Civil Procedure, '[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Here, Endo has not consented to the transfer, thus the question presented is whether there are "exceptional circumstances" warranting a transfer.

Although Rule 45 itself does not contain a definition of what is meant by the term "exceptional circumstances," the Advisory Committee Notes provide guidance. They first explain that the rule is to protect local nonparties by providing that disputes over subpoenas should generally be resolved in the court in which compliance is required. Nevertheless, "transfer to the court where the action is pending is sometimes warranted," *i.e.* in exceptional circumstances. Fed. R. Civ. P. 45 advisory committee's note (2013 amd.). The prime concern should be avoiding burdens on local nonparties subject to subpoenas – in this case Endo. And, while it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions, there may be some circumstances where transfer is warranted in order to avoid disrupting the issuing court's management of the underlying litigation. The Advisory Committee Note goes on to provide examples of such instances as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate, however, only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion. The

proponent of transfer (in this case Meijer) bears the burden of showing that such circumstances are present.

The Endo parties argue that it would be significantly more burdensome for them to travel to the District of Massachusetts rather than to the Eastern District of Pennsylvania given that they are headquartered in Malvern, Pennsylvania. The Meijer defendants counter that Endo's counsel – who accepted service on behalf of his client, and engaged in discussions with Meijer's counsel about objections and responses to the subpoena – is based in Hartford, Connecticut, so Plaintiff's travel burden argument is specious given that Hartford is significantly closer to Boston than to Philadelphia.

These opposing contentions must be viewed through the lens of what actions Endo will be required to take responding to the subpoena and whether those actions would entail its travel to Boston if the motion is transferred. Many of those actions have already occurred. In a declaration in support of Meijer's Motion to Transfer, their attorney declares under penalty of perjury that he sent subpoenas to Endo and that, on November 7, 2016, Endo's counsel, by way of e-mail or telephone call, agreed to accept service of the subpoenas. Several weeks later, Endo's counsel served on Meijer by mail and e-mail Objections and Responses to the Subpoenas. Subsequently, Endo's counsel and Meijer's counsel engaged in a meet and confer process over a period of several months, all of which took place over the phone or in e-mails. Endo produced some documents – which it sent to Meijer's counsel during that process – but has declined to produce other documents responsive to each of the subpoena's requests. The briefs do not indicate whether production was done electronically or through hard copy documents – but there is no suggestion that anyone from Endo had to travel anywhere outside of Malvern to make that production or that they may be required to do so in the future. From that, it can be

concluded that, thus far, there has been no need for anyone from Endo to travel outside of this Court's jurisdictional boundaries to respond to the subpoenas. There is no reason to believe that would change if Plaintiff's motion is transferred.

Given that there is now a dispute as to what further documents Endo should produce, if any, the question arises whether, if this Court grants Meijer's Motion to Transfer, anyone from Endo in Malvern would have to travel to Boston to attend an argument on the motion. As a preliminary matter, this Court notes that Judge Gorton, who is presiding over the matter in the District of Massachusetts, makes it very clear in his Civil Case Management Policies and Procedures that he discourages "discovery motions in the first place," that he regards "most discovery motions [as] unnecessary," and that if he "determines that either or both counsel are obstreperous, [he] may impose sanctions." Thus, one would think, there is powerful incentive for Endo and Meijer to redouble their efforts to negotiate a successful conclusion to their dispute without the need for Judge Gorton's intervention. Furthermore, even if Judge Gorton were to hear arguments on the motion, Endo's attorney is based in Hartford, which is a good deal closer to Boston than to Philadelphia – thus making the burden of travel lighter on Endo should the matter be transferred to Trimountaine rather than remain here in the City of Brotherly Love. That is, of course, if Judge Gorton were to require Endo's counsel to participate in person rather than by telephone – a method of participation which the Advisory Committee Note to Rule 45(f) specifically contemplates in order to minimize the burden a transfer imposes on nonparties.

Given the above, the burden on Endo if Meijer's motion to compel were transferred to Judge Gorton's docket would be slight and is outweighed by reasons in support of transfer as set forth below.

While it is not to be assumed that the issuing court is in a superior position to resolve subpoena-related motions, this is a case where, given the complex nature of the underlying litigation and Judge Gorton's focused management of the matter – as evidenced by a February 23, 2017 scheduling order which includes more than thirty deadlines by which the parties must complete specific tasks in the litigation – engagement by this Court is likely to disrupt that calibration.

It also appears likely that the discovery issues presented in Meijer's motion to compel are likely to arise again. Another non-party generic manufacturer who received a subpoena objected to its scope and, although not based in Massachusetts, has consented to transfer the matter to Judge Gorton's docket. Meijer has also filed a motion to compel a second generic manufacturer to respond to a subpoena and has sought to transfer that motion from the compliance court to the District of Massachusetts. Counsel for Meijer also represented at argument in open court that they are currently in discussion with other manufacturers about the scope of productions which may eventually require court intervention. The risk of any decision by this Court on Meijer's motion to compel differing from Judge Gorton's decision on a similar motion regarding a different party in a case which he is managing – and this Court is not – counsels for transfer. *See Parks, LLC v. Tyson Foods, Inc.*, No. 15-mc-634, 2015 WL 5008255, at *2 (W.D. Pa. Aug. 20, 2015) ("[The issuing] court's familiarity, and the risk that this court will reach a ruling that is inconsistent with the [issuing court's] ruling on already pending discovery motions, are exceptional circumstances that warrant transfer of this matter to that court."). While there are currently only two other disputes teed up before a judge over the current crop of subpoenas, in view of Judge Gorton's current scheduling order which provides that there are still four more months left for fact discovery, it is not unreasonable to conclude that there may be some

additional discovery disputes of the same nature as that at issue here in the intervening months, a fact which also counsels in favor of transfer.  *See United States ex rel. Simpson v. Bayer Corp.*, No. 16-mc-207, 2016 WL 7239892, at *2 (E.D. Pa. Dec. 15, 2016) ("[T]he fact that the issuing court has not yet ruled on any motions to quash does not eliminate the likelihood that it will soon face a flurry of such motions.").

      Accordingly, I will grant Plaintiff's Motion to Transfer their Motion to Compel to the United States District Court for the District of Massachusetts.

      An order will follow.


Dated:  June 15, 2017

                                            **BY THE COURT:**

                                            /s/Wendy Beetlestone, J.

                                            _____
                                            **WENDY BEETLESTONE, J.**